UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: CHRISTOPHER J GONYA, <br><br> Debtor <br><br>――――――――――――――――― <br><br> CHRISTOPHER J GONYA, <br><br> Plaintiff <br><br> v. <br> NAVIENT SOLUTIONS, LLC. ET AL., <br><br> Defendant | Case No. 24-10176hzc <br> Chapter 7 <br><br> Adv. Pro. No. 24-01008-hzc |

**Nelnet Servicing, LLC d/b/a Firstmark Services**
**Memorandum of Law in Support of**
**Motion to Drop Nelnet Servicing, LLC d/b/a Firstmark Services**
**as a Party Under Fed. R. Civ. P. 21 and/or to Dismiss the**
**Complaint Against It Under Fed. R. Civ. P. 12(b)(6)**

Nelnet Servicing, LLC dba Firstmark Services ("Firstmark") respectfully submits this memorandum of law in support of its motion to drop Firstmark as a party to this adversary proceeding under Fed. R. Civ. P. 21, which is made applicable to this proceeding by Fed. R. Bankr. P. 7021, and/or to dismiss the complaint against Firstmark under Fed. R. Civ. P. 12(b)(6), which is made applicable to this proceeding by Fed. R. Bankr. P. 7012.

**Relevant Factual Allegations**

In the single-count Complaint, Plaintiff Christopher J Gonya filed a voluntary petition in the United States Bankruptcy Court for the District of Vermont for relief under 11 U.S.C. § 523(a)(8) for private student loans obtained from Discover Bank.

1

In relevant part, Plaintiff alleges that Firstmark Services is a servicer of private student loans, headquartered in Lincoln, Nebraska, and on information and belief, is the servicer of the Discover Bank loans at issue. The Plaintiff further alleges that Firstmark owns the loans. However, as the servicer, Firstmark neither owns the loans nor has the authority to discharge or compromise the debt.

**A. Firstmark should be dropped as a party from the adversary proceeding because there is no basis for relief from Firstmark.**

Firstmark should be dropped as a party from the adversary proceeding because there is no basis for relief from Firstmark given the facts alleged. Federal Rule of Civil Procedure Rule 21 permits a court "[o]n motion or on its own, ... at any time, on just terms, [to] add or drop a party." Fed. R. Civ. P. 21; see *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 214 FRD 152, 154 (S.D.N.Y. 2003) ("Rule 21 permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation."); *see also City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006) (citing same); *see also Newman-Green, Inc. v Alfonzo-Larrain*, 490 US. 826, 832 (1989) (citations omitted) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.").

 "Relief under Rule 21 dismissing a party from an action is especially appropriate 'when there is clearly no right or basis of relief from a party.'" *Grabis v. Navient Solutions, LLC (In re Grabis)*, Nos. 13-10669-JLG, 15-01420-JLG, 2018 Bankr. LEXIS 888, at *16 (Bankr. S.D.N.Y. Mar. 26, 2018) (citation omitted). In *Grabis*, the bankruptcy court granted defendant Department of Education's motion to dismiss the complaint under Rule 21 because Department of Education did not own any portion of the debtor's

student loan indebtedness, and, therefore, had no connection to the relief the debtor

sought under section 523(a)(8). For the same reasons—because Firstmark does not

own any portion of Plaintiff's student loans, Firstmark is not a creditor of Plaintiff, and

there is no basis for relief against Firstmark—this Court should dismiss the complaint

against Firstmark under Rule 21.

**B. The Complaint should be dismissed against Firstmark for failure to state a discharge claim.**

The Complaint should be dismissed against Firstmark for failure to state a

discharge claim against it. A complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief," in order to "give the defendant fair

notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P.

8(a)(2)5; Fed. R. Bankr. P. 7008; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A

plaintiff must allege sufficient facts to show "more than a sheer possibility that a

defendant acted unlawfully." *Id*. Where a plaintiff has not "nudged [its] claims across the

line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550

U.S. at 570.

On the allegations in the Complaint, Plaintiff cannot state a claim against

Firstmark under 11 U.S.C. § 523(a)(8). A plaintiff cannot state a discharge of debt claim

against a party to whom it owes no debt. *See Farina v. FedLoan Servicing Credit (In re*

*Farina),* 2016 Bankr. LEXIS 3039, at *4, Nos. 16-51125-BEM, 16-5048-BEM (Bankr. N.D. Ga June 16, 2016) (failing to allege that "Plaintiff owes a debt to Defendant or that Defendant has any interest in Plaintiff's student loans" is "sufficient to dismiss the complaint"); *Bennett v. United Sates Dept. of Educ.,* 2015 Bankr. LEXIS 3265, at *4-5, Nos. 14-51218, 15-06051 (Bankr. M.D.N.C. Sep. 22, 2015) (stating "[t]his court agrees with other courts that have dismissed § 523(a)(8) actions against student loan servicers on the ground that there is no debt owed to the servicer to find dischargeable" and granting student loan servicer's motion to dismiss plaintiff's Section 523(a)(8) claim); *Shanks v. Sallie Mae (In re Shanks)*, 2014 Bankr. LEXIS 3717, at *3-4, Nos. 14-52925, 14-5189, (Bankr. N.D. Ga. Aug. 28, 2014) (granting student loan servicer's motion to dismiss plaintiff's Section 523(a)(8) claim).

Plaintiff borrowed no money from and owes no debt to Firstmark. Necessarily, Plaintiff may not seek a discharge of any of his debts, against Firstmark. The Complaint must be dismissed as against Firstmark for failure to state a claim.

## Conclusion

Firstmark respectfully requests that this Court drop Firstmark as a party from this Adversary Proceeding and/or dismiss the Complaint as against Firstmark for failure to state a claim.

4

Respectfully Submitted,
Nelnet Servicing, LLC dba Firstmark Services,
By Its Attorney,


__*Amy B. Royal, Esq.*_____
Amy B. Royal, Esq.
USDC VT #747941
The Royal Law Firm
33 Elliot Street
Springfield, MA 01105
Tel. (413) 586-2288/Fax (413) 586-2281
Dated: January 10, 2025          E-mail: ARoyal@theroyallawfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon each party of record through the Court's CM/ECF system on January 10, 2025.


__*Amy B. Royal, Esq.*_____
Amy B. Royal, Esq.