# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| In re:<br><br>CHRISTOPHER J. GONYA,<br><br>Debtor. | Bankr. Case No.: 24-10176<br><br>Chapter 7 |
| CHRISTOPHER J. GONYA,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, and<br>OLYMPIC STUDENT LOAN TRUST,<br><br>Defendants. | Adv. Proc. No.: 24-01008 |

### STIPULATION IN SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN PLAINTIFF AND NAVIENT SOLUTIONS, LLC

Plaintiff, Christopher J. Gonya ("Plaintiff"), and Navient Solutions, LLC ("NSL"), by and through their respective undersigned counsel, hereby stipulate as follows:

1. On August 22, 2024, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. A discharge of eligible debts was entered on December 19, 2024.

2. On November 4, 2024, Plaintiff filed a Complaint naming, *inter alia*, NSL as a Defendant, seeking a discharge of educational loan debt under 11 U.S.C. § 523(a)(8).

3. On November 26, 2024, NSL filed its Answer to Plaintiff's Complaint.

4. The Plaintiff is indebted to NSL pursuant to the applicable terms of seven (7) educational loan Promissory Notes ("Promissory Notes"), executed by the Plaintiff to obtain

educational loans ("Student Loans"), with approximate balances, as of the filing of this adversary proceeding, as follows:

    a.     one (1) educational loan initially disbursed on or about October 4, 2004, with a balance, including principal and interest, totaling $37,961.99;

    b.     one (1) educational loan initially disbursed on or about October 3, 2005, with a balance, including principal and interest, totaling $38,191.62;

    c.     one (1) educational loan initially disbursed on or about December 27, 2005, with a balance, including principal and interest, totaling $2,347.79;

    d.     one (1) educational loan initially disbursed on or about March 28, 2007, with a balance, including principal and interest, totaling $8,870.89;

    e.     one (1) educational loan initially disbursed on or about February 8, 2008, with a balance, including principal and interest, totaling $7,347.03;

    f.     one (1) educational loan initially disbursed on or about September 10, 2008, with a balance, including principal and interest, totaling $14,941.51; and

    g.     one (1) educational loan initially disbursed on or about September 17, 2010, with a balance, including principal and interest, totaling $31,010.15.

5.     As of the filing of this adversary proceeding, there was a balance due and owing under the Plaintiff's Promissory Notes, including principal and interest, in the aggregate amount of approximately $140,670.98 ("Outstanding Balance"), with variable interest rates, and with interest accruing thereafter pursuant to the Plaintiff's Promissory Notes.

6.     The Outstanding Balance is currently due and owing on the Promissory Notes and the Student Loans evidenced by the Promissory Notes are non-dischargeable educational loans, pursuant to 11 U.S.C. §523(a)(8).

7.     For so long as the Plaintiff does not default under this Stipulation, the balance on the loans referenced in paragraphs 4(a), 4(b), 4(c), 4(d) and 4(g) above, shall be reduced to $54,000.00 ("Reduced Balance"), and the variable interest rate shall be reduced to a fixed rate of 0% ("Reduced Interest"), and the Plaintiff shall repay the Reduced Balance at the Reduced

Interest rate as follows: $180.00 per month for a period of three-hundred (300) consecutive months. The first monthly payment is due to be received by NSL on or before December 22, 2025, with subsequent payments to be received on or before the 22nd day of each month thereafter.

8. The parties agree to a discharge of Plaintiff's liability on the debt due NSL, arising from the educational loans referenced in paragraph 4(e) and 4(f) above, as included within the general discharge entered in Plaintiff's main bankruptcy case on December 19, 2024. Upon approval of the instant Stipulation, the remaining balance shall be $118,382.44 ("Remaining Balance").

9. All payments pursuant to this Stipulation shall note the Plaintiff's ten-digit account number, ******3543 (redacted here for privacy reasons) on the payment and shall be mailed to "MOHELA Specialty Loan Servicing, PO Box 2509, Wilkes Barre, PA 18706," or to any other address provided to the Plaintiff by NSL and/or MOHELA in writing.

10. The following shall be Events of Default hereunder: (a) the Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date without securing NSL/MOHELA's agreement to a forbearance of such payment(s); or (b) the Plaintiff commences any further legal proceedings against NSL, MOHELA, or their predecessors, successors or assigns, seeking to discharge debt.

11. Upon the occurrence of an Event of Default under this Stipulation, pursuant to Paragraph 10 of this Stipulation, any forgiveness of the principal and interest of the Remaining Balance is revoked, and the Plaintiff will be liable for the full amount of the Remaining Balance, as referenced above, plus interest pursuant to the applicable terms of the Promissory Notes for the Plaintiff's Student Loans (less any payments made hereunder which, following default shall

be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

12. There is no penalty for prepayment under this Stipulation, but any prepayment, unless it is payment in full, does not relieve Plaintiff of the obligation to make ongoing monthly payments.

13. In the event the Plaintiff, pursuant to applicable NSL policy and the terms of the Promissory Notes, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

14. Should any issues arise, related to billing or repayment of loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to loans subject to this agreement are not in accordance with this Stipulation, the Plaintiff agrees that such issues should be directed to a Supervisor or Manager in NSL's Bankruptcy Litigation Unit (as of this writing, Ms. Petra Shipman), who may be reached at 1-800-251-4127, or to any other telephone number provided by NSL in writing, or in response to a specific borrower inquiry. The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

15. Except as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

16. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

17. This Stipulation may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation.

18. The parties agree to the dismissal of Navient Solutions, LLC as a defendant the instant adversary proceeding, subject to the terms of this Stipulation, upon approval of this Stipulation by the court.

WHEREFORE, the parties pray this Honorable Court for an Order approving this Stipulation and dismissing Navient Solutions, LLC as a defendant in the instant adversary proceeding.

By: _____  Dated: 9/30/25
Joshua R.I. Cohen
Cohen Consumer Law, PLLC
PO Box 1040
St. Albans, VT 05478
Tel: 802-380-8887
Fax: 860-233-0339
Email: jcohen@thestudentloanlawyer.com

*Attorneys for Plaintiff*

RYAN SMITH & CARBINE, LTD.

By: _____  Dated: 10/1/2025
Antonin Robbason, Esq.
P.O. Box 310
98 Merchants Row
Rutland, VT 05702-0310
(802) 786-1070
aizr@rsclaw.com

*Attorneys for Navient Solutions, LLC*